Filed 5/19/26  P. v. Kelly CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B337232 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA065570-01) |
| v. | |
| GARY EUGENE KELLY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winter, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant Gary Eugene Kelly appeals an order denying his request for resentencing pursuant to Penal Code[1] section 1172.75. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On September 14, 2010, Kelly pled nolo contendere to one count of continuous sexual abuse upon a child under 14 years of age, a violation of section 288.5, subdivision (a). Kelly also admitted to one prior serious felony conviction and one prior strike allegation based on a 1990 robbery conviction[2] within the meaning of section 667, subdivision (a)(1), and one prior prison term for a felony conviction within the meaning of section 667.5, subdivision (b). At sentencing on the same day, pursuant to a plea agreement, the trial court sentenced Kelly to state prison for an aggregate term of 30 years. The sentence consisted of twice the base midterm of 12 years on the offense, based on one of Kelly's two strikes; an additional five-year term for the prior serious felony conviction; and an additional one-year term for a prior term of imprisonment.

In 2022, the California Department of Corrections and Rehabilitation identified Kelly as an individual who received a now-invalid one-year prior prison term enhancement as part of his sentence. At a hearing on February 2, 2024, the trial court immediately struck the one-year prior prison term and resentenced Kelly to an aggregate term of 29 years, consisting of

---

[1] Undesignated statutory references are to the Penal Code.

[2] At the time of sentencing, Kelly had two prior serious felony convictions for robbery, under section 211, which also counted as strikes under California's "Three Strikes" law.

the enhanced 24-year sentence on the main offense plus five years pursuant to the remaining section 667, subdivision (a)(1) felony enhancement.  At the invitation of the court, Kelly subsequently requested a full resentencing pursuant to sections 1172.7, subdivision (a) and 1172.75, subdivision (a).

On February 5, 2024, Kelly filed a memorandum and several exhibits in support of resentencing under section 1172.75 and Senate Bill No. 483 (2021–2022 Reg. Sess.).  Kelly asked the trial court upon resentencing to vacate his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and vacate the five-year term for his prior serious felony conviction enhancement, in addition to striking the one-year sentence for his prior prison term enhancement, for a total new term of 12 years imprisonment.  He argued mitigating circumstances warranted a reduction in sentence: his advanced age of 67; his lowest possible classification and security scores; his time in custody; his postconviction growth and maturity; his aged prior convictions at the time of resentencing; and extensive educational and other positive programing he had completed while in custody.  Kelly attached to his memorandum classification scores and numerous positive progress reports and completion certificates.

On March 14, 2024, the trial court conducted a resentencing hearing at which it first read the original charges, discussed Kelly's original sentencing exposure on all three charges, recited the facts of the case based on the probation report, and invited oral argument.

Kelly then orally argued the points he had raised in his resentencing motion.  In response to Kelly's advanced age argument, the trial court noted an "interesting" recent Los

3

Angeles Times news article profiling a serial recidivist bank robber who reoffended at the age of 70, after he previously received a less harsh sentence based on his advanced age. The court indicated it was "probably an aberration" and that it understood Kelly's argument.

The People then argued Kelly was 53 years old at the time of the offense, had a lengthy criminal history extending over four decades, including a juvenile record and two prior strike convictions for robbery, and, but for the People's efforts to minimize retraumatizing the victim by agreeing to a 30-year sentence, Kelly likely faced a sentence of over 100 years if he had been convicted at trial of all charges. The People concluded by asking "the court not to further change the sentence in this case" because "it's more than warranted and . . . it would be unjust, actually, for the victim and society to change the sentence at this point."

The trial court then reiterated it had struck the one-year prior prison term and resentenced Kelly to a lower aggregate term of 29 years, consisting of double the term of 12 years on the sexual abuse conviction under the Three Strikes Law, plus five years pursuant to the remaining section 667, subdivision (a)(1) serious felony enhancement. The court also noted there are "many different mechanisms in place for people who are incarcerated to, perhaps, earn greater credits and to get released earlier than anticipated. [¶] I am not sure if they apply to Mr. Kelly, but one that jumps out is Penal Code Section 3055, elderly parole. [¶] Another that jumps out is [Proposition] 57. [¶] I just don't know if he is excluded from either of those based on the nature of the charges. However, if he is not, then certainly he can avail himself of either of those opportunities."

In resentencing Kelly, the trial court observed: "The facts of this case are particularly egregious because of the ongoing nature of the activity and the actual nature of the offenses themselves. On the flip side, Mr. Kelly, by all accounts, has done a good job while incarcerated in state prison, and he should be proud of the fact that he has been able to adapt and make some positive changes. [¶] He was 53 years old when these offenses occurred, which generally, in our world, is almost somebody who should have been aged out of the system. Unfortunately, that wasn't the case. [¶] And he was facing almost 100 years to life in the case. And when you balance the favorable disposition versus the potential outcome had he gone to trial, I do think that this was a favorable disposition for him. A contract that he entered into with the prosecution. [¶] In [defense counsel] Ms. Lin's motion, you did mention some of the new sentencing rules, Ms. Lin, such as 1385(c) of the Penal Code. And what I will indicate is 1385(c) does not apply to a decision whether or not to dismiss a strike. . . . And in addition, there are a number of cases that indicate 1385, subdivision (c)[2][C] . . . dismissal is discretionary, not mandatory. And that's *People v. Mazur*, 2023 case, 97 Cal.App.5th 438. [¶] So based upon the nature of the offenses and the specifics of the defendant's background, the court is making a finding that it is not in the interest of justice to reduce the sentence any further. [¶] The court declines to do so, finding that to reduce it any longer would endanger public safety. And that's just based on the nature of the offense for which he is incarcerated and the fact that he had two prior strike convictions. [¶] So the sentence remains at 29 years, Mr. Kelly." This appeal followed.

5

# DISCUSSION

We review a trial court's denial of a motion for resentencing under section 1172.75 for abuse of discretion.  (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)  One-year sentence enhancements imposed under section 667.5 based on prior prison terms for offenses other than sexually violent offenses are legally invalid.  (§ 667.5, subd. (b).)  Defendants whose sentences include the now-invalid enhancements under section 667.5, subdivision (b) are entitled to a recall of their sentence.  (§ 1172.75, subds. (b), (c).)  Section 1172.75, subdivision (c) expressly provides that if a judgment includes a qualifying prior prison term enhancement, pursuant to section 667.5, the trial "court shall recall the sentence and resentence the defendant."  Subdivision (d) specifies: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (*Id.*, subd. (d)(1).)  At any such resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id.*, subd. (d)(2); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [§ 1172.75 requires a full resentencing, not merely that the trial court strike the newly invalid enhancements].)  In addition, the court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant

while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) "Ultimately, the superior court's risk finding will be upheld 'if it falls within "the bounds of reason, all of the circumstances being considered[,]" ' " meaning the sentencing decision was not arbitrary, capricious, or irrational. (*Garcia*, at p. 857.)

First, Kelly contends the trial court abused its discretion in refusing to vacate his five-year prior serious felony enhancement imposed under section 667, subdivision (a). (§ 1385, subd. (c)(1) [sentencing courts may strike prior serious felony enhancements in furtherance of justice].) Kelly argues the trial court failed to take the several mitigating factors presented to the court into consideration, failed to afford them "great weight," and only mentioned them in a "cursory manner." We disagree.

Section 1385, subdivision (c)(1) provides "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2) further provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public

safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." Accordingly, if the court finds that dismissal of an enhancement "would endanger public safety," then the court need not consider the listed mitigating circumstances. (*Ibid.*; see *People v. Mendoza* (2023) 88 Cal.App.5th 287, 296.)

In *People v. Walker* (2024) 16 Cal.5th 1024, our Supreme Court held "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1029.) The court then stated that in most cases, " 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2)." (*Id.* at p. 1033.)

Kelly makes no argument to refute the trial court's finding that dismissing the five-year enhancement would endanger public safety. Instead, he argues only that the court abused its discretion in failing to properly afford "great weight" and consider these mitigating factors in section 1385:

• Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed. (§ 1385, subd. (c)(2)(B).)

• The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed. (§ 1385, subd. (c)(2)(C).)

• The enhancement is based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(H).)

We find the trial court clearly explained the reasons it reduced Kelly's sentence by one year only. The court found dismissal of the enhancement would pose a public safety risk based on the "nature of the offenses and the specifics of [Kelly's] background," and "the fact that he had two prior strike convictions." The trial court rationally based its decision on the nature of the offense of conviction (three years of continuous sexual abuse of a minor), the advanced age at which Kelly committed the offense, and Kelly's two prior strikes for robbery. (*People v. Jefferson* (2016) 1 Cal.App.5th 235, 242–243 [trial court's exercise of discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice"]; *People v. Shaw* (2020) 56 Cal.App.5th 582, 588 [no abuse of discretion when the trial court refused to dismiss a five-year sentencing enhancement for a 25-year-old prior serious felony conviction, finding "whatever the nature of [defendant's] past convictions, the trial court could have reasonably determined that their frequency weighed against striking the enhancement"].) Contrary to Kelly's argument, the court did not have to specifically use the language of the statute in weighing the factors and rendering its decision. (*People v.*

*Bravo* (2025) 107 Cal.App.5th 1144, 1157 [no error at § 1172.75 resentencing despite court not using "great weight" language or analysis on the record].)[3]

Next, Kelly contends the court abused its discretion in denying his request to dismiss his prior strike under the Three Strikes law, pursuant to *Romero, supra*, 13 Cal.4th 497. A trial court has discretion under the Three Strikes Law to dismiss or vacate prior conviction allegations or findings in the furtherance of justice. (§ 1385, subd. (a); *Romero*, at pp. 529–530.) A trial court's refusal to strike a prior felony conviction is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) The party attacking the sentence must clearly show that the decision was irrational or arbitrary. (*Id.* at p. 377.) In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives. A decision will not be reversed merely because reasonable people might disagree. An appellate court is neither authorized nor warranted in substituting its judgment for the judgment of the trial court. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977–978; see generally 3 Witkin, Cal. Criminal Law (5th ed. 2025), Punishment, § 521.)

---

[3] The trial court referred to the "contract" or plea agreement Kelly accepted which greatly reduced his sentencing exposure. We do not read this stray comment to mean that the court felt bound by the plea agreement reached between the parties at the original sentencing or that it refused to resentence Kelly because he had earlier agreed to, and therefore should be bound by, the initial sentence. (*People v. Carter* (2023) 97 Cal.App.5th 960, 972 [defendant is entitled to full resentencing regardless of whether the sentence resulted from a plea agreement].)

10

As the record reflects, the trial court was aware of Kelly's background, including his age when he committed the prior strikes and the instant offense, the age of the prior convictions, and his time and performance while in custody. In addition to acknowledging case law exempting prior strike enhancements from the application of section 1385, subdivision (c), the trial court also noted it was aware of its discretion to decide whether to strike the prior strike conviction. The court acknowledged Kelly's age at the time of the offense should have "aged [him] out of the system" and the strikes were not remote in time. From 1983 to 2002, Kelly was convicted of robbery on two separate occasions, grand theft, battery, trespass, and several controlled substance offenses. Kelly committed the instant offense over the course of three years beginning in 2006, after just having been released from a four-year term of imprisonment for his robbery conviction in 2002. There was no "crime-free cleansing period of rehabilitation." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) Unfortunately, until recently, Kelly "has led a continuous life of crime after the prior" (*ibid.*), which supports the trial court's decision to deny dismissal of his prior strike. The trial court properly balanced mitigating and aggravating factors and acted well within its discretion in denying dismissal of Kelly's prior strike.[4]

---

[4] We do not rule on Kelly's argument that section 1385, subdivision (c) should also apply to sentencing schemes like the Three Strikes law. Kelly did not raise this argument until his reply brief on appeal while his opening brief, in contrast, conceded section 1385, subdivision (c) did not apply to dismissal of strikes. Further, given the trial court's conclusion, discussed above, "that to reduce [Kelly's sentence] any longer would endanger public safety," it appears the trial court assessed public

11

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


VIRAMONTES, J.


SCHERB, J.

---

safety under section 1385, subdivision (c)(2) in connection with Kelly's request to dismiss any strikes.